**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. MJM-26-214 |
| | * | |
| REGINALD FLEMING, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | ******* | |

**GOVERNMENT'S DETENTION MEMORANDUM**

The United States of America, by and through its undersigned attorneys, submits this Detention Memorandum in advance of Defendant Reginald Fleming's detention hearing, scheduled for July 30, 2026.

**Introduction**

The Court should order detention. The Defendant is charged with being in possession of roughly 30 kilograms of cocaine for distribution. Given the seriousness of the offense and the Defendant's criminal history, it is apparent that no condition or combination of conditions will reasonably assure his appearance or the safety of the community.

**Factual and Procedural Background**

On May 30, 2026, investigators in Maryland received a tip from law enforcement partners in North Carolina that a shipment of cocaine which had originally been bound for North Carolina was heading to Maryland, due to arrive within the next day or two. Investigators immediately mobilized and were able to identify the truck as it entered the state on May 31, 2026. That truck ultimately arrived at a parking lot in Jessup in the early morning hours of June 1. Shortly afterward, the Defendant arrived in a white Acura and pulled alongside the truck. The driver of the truck

interacted with the Defendant and a female companion who was in the Acura's passenger seat, and the Defendant then drove away.

Maryland State Police stopped the Defendant's Acura shortly after he left the parking lot for a traffic violation. During the traffic stop, a K-9 gave a positive alert to the presence of drugs, and officer quickly found approximately 29.8 kilograms of cocaine in a duffel bag in the trunk.

On June 24, 2026, a Grand Jury sitting in the District of Maryland returned an Indictment charging the Defendant with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). ECF No. 1. On July 22, 2026, the Defendant had his Initial Appearance on the Indictment.

### Argument

When there is probable cause to believe that a defendant committed an offense under the Controlled Substances Act that carries a maximum sentence of 10 years or more of imprisonment, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). That presumption is subject to rebuttal by the defendant, which is a "limited burden of production" for the defendant to show he does not post a risk of flight or danger to the community. *United States v. Weddington*, Crim. No. RDB-19-597, 2020 WL 4569524, *2 (D. Md. Aug. 7, 2020) (quoting *United States v. Khusanov*, 731 F. App'x 19, 21 (2d Cir. 2018). However, the presumption in favor of detention is not eliminated once the defendant meets the burden of production; it becomes a factor to be considered in evaluating whether to detain the defendant. *Id.*

When seeking detention based on community safety or risk of flight, the Government's burden is to demonstrate the risk posed by the defendant by clear and convincing evidence. 18 U.S.C. § 1342(f)(2). When seeking a detention order, the Government may proceed by proffer of

evidence.  *See United States v. White*, Crim. No. PWG-13-436, 2015 WL 2374229, *2 (D. Md. May 15, 2015).  In determining whether detention is warranted, 18 U.S.C. § 3142(g) directs the Court to consider the following factors:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release.

Here, each of the Section 3142(g) factors weighs in favor of detention.  There is clear and convincing evidence that no condition or combination of conditions can assure the Defendant's appearance or the safety of the community.

<u>Nature and Circumstances of the Offense</u>

The Defendant is charged with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1).  This is a serious offense that carries significant penalties, at least 10 years' imprisonment up to a life sentence.  21 U.S.C. § 841(b)(1)(A).  The specific circumstances of the offense heighten its seriousness.  The Defendant was in possession of a massive amount of cocaine in a single bag.  30 kilograms of cocaine is a significant quantity both in terms of the income it represents for the criminals like Mr. Fleming who are in the distribution chain and in terms of the havoc it wreaks on communities.  It is also a quantity of cocaine that the Defendant did not come by overnight.  It is strongly indicative of an ongoing pattern of drug distribution.

The nature of the offense is serious enough that it creates a presumption in favor of detention.  18 U.S.C. § 3142(e)(3)(A).  Even if the Defendant can meet his burden to produce any evidence suggesting he may not be a flight risk or danger to the community, that presumption remains a factor.  Overall, the seriousness of the charged offense weighs in favor of detention.

<u>Weight of the Evidence</u>

The Government's evidence is ironclad.  The cocaine was found in the trunk of the car the Defendant was driving.  The Defendant immediately declared that the cocaine belonged to him, and the statement was captured on body-worn camera.

<u>History and Characteristics of the Defendant</u>

The Defendant has a criminal history dating back to 2007 in both North Carolina and Maryland.  His offenses include prior drug convictions, a forgery-related conviction, and a conviction for illegal firearm possession.  The Defendant is clearly no stranger to the criminal justice system, and the specific nature of his prior convictions raises concerns about his trustworthiness and the danger he presents to the community.  Further, the Defendant has never faced the significant federal sentence that now confronts him—a mandatory ten-year minimum— which is itself a powerful motivator to flee.  This factor weighs in favor of detention.

<u>Nature and Seriousness of the Danger to Any Person or the Community</u>

The cocaine found in the defendant's car presents a serious danger to the community. While much of the recent press coverage in the country is devoted to fentanyl and opioid abuse— and rightly so—cocaine remains a dangerous drug.  The amount of cocaine found in the Defendant's car, whether it remained in powdered form or had been processed into crack cocaine, was a clear danger to the community.  The negative effects of cocaine are well documented, and the sheer quantity of cocaine involved in this offense weighs strongly in favor of a finding that the Defendant poses a significant danger to the community.

In short, evaluation of all the Section 3142(g) factors shows, by clear and convincing evidence, that the Defendant should be detained pending trial and the related hearing on his violation of supervised release.

## **Conclusion**

For the reasons stated above, and for any others presented at the detention hearing, there is no condition or combination of conditions that would reasonably assure the Defendant's appearance for court proceedings or the safety of the community, and the Defendant should be detained pending trial.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

/s/
Alexander Levin
Kathleen Godwin
Assistant United States Attorneys